1

2

3                          **UNITED STATES DISTRICT COURT**

4                              **DISTRICT OF NEVADA**

5                                        **\* \* \***

6   UNITED STATES OF AMERICA,

7

8                    Plaintiff,                    2:04-cv-00545-JCM-LRL

9   v.                                            **ORDER**

10  145 EAST RENO, UNITS E2 AND E7,
    LAS VEGAS, NEVADA, 89119, *et al.*,
11
                     Defendants.
12  _____

13        Before the court are the government's Motions to Strike the Verified Statements of Interest of

14  Quail Air Center Hangar Owners Association and Johnny A. Ribeiro Jr. Family Trust ("claimants")

15  (##18, 19).  The claimants filed a joint Opposition (#27), to which the government filed a Reply (#28).

16        Johnny Ribeiro Builder, LLC was personally served at two different locations on August 31,

17  2006 and September 1, 2006.  *See* Notice of Filing Return on Service of Process (#17) at 3, 4.  The

18  entity was served by mail on September 5, 2006.  *See Id.* at 5, 6.  Fed. R. Civ. P. Supp. Rule C(6)(i)(A)

19  provides that a verified statement of interest must be filed within thirty days of the earlier of the date

20  of service of the government's Complaint or completed publication of notice.  Although not explicit,

21  the Rule advocates for a response based on the date of the earliest service.  Thus, the statements of

22  interest must have been filed within thirty days of August 31, 2006.

23        The claimants filed Statements of Interest on September 12, 2006.  *See* Statements of Interest

24  (##15, 16).  The government then filed the instant Motions claiming that the Statements "should be

25  stricken because [they] failed to identify the [claimant]'s interest, if any, in the defendant property."

26

Mots. (#18, 19) at 3. The claimants filed Amended Statements of Interest (##25, 26) addressing the government's concerns. The claimants argue that the Amended Statements of Interest were filed timely. Alternatively, they argue that the court should grant leave to file amended verified statements of interest after the deadline.

The Statements of Interest, on their face, do not "allege such a personal stake in the outcome of the controversy as to warrant [the claimant's] invocation of federal court jurisdiction . . . ." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Claimants argue that their Amended Statements of Interest were filed timely so such a deficiency is moot. However, as discussed above, they should have been filed within thirty days of August 31, 2006; they were filed on September 6, 2006. Therefore, the Amended Statements were untimely filed. Thus, the court will turn to the question of whether to extend the deadline for filing such amended statements of interest.

The court has discretion to extend the time for the filing of a claim. *See United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432 (9th Cir. 1982); Fed. R. Civ. P. Supp. Rule C(6)(a)(i)(B). "The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." The government had discussions with claimants' counsel as early as April, 2006. A complete copy of the Trust's loan file was transmitted to the government on May 1, 2006. *See* Declaration of Fred F. "Pete" Gibson III (#27-2) at 2. Thus, the claimants "came forward" before they were served with the Complaint. Of course, these facts also weigh against permitting a late filing as the claimants were aware of the proceeding, and had notice they would have to file a timely verified claim when served. *See 1982 Yukon Delta Houseboat*, 774 F.2d at 1436.

"However, where a claimant has made known to the court and the government his interest in the subject property . . . the policy would not be injured by allowing the claimant to perfect his claim by subsequent verification." *Id.* Moreover, the government would not be prejudiced if the court allowed the Amended Statements to stand; the government already has numerous documents involving

the claimants' interests and formal discovery has just begun.  Finally, the parties have continued their discussions.

Accordingly and for good cause shown,

IT IS ORDERED that the United States' Motion to Strike Verified Statement of Interest of Quail Air Center Hangar Owners Association (#18) is DENIED.

IT IS FURTHER ORDERED that United States' Motion to Strike Verified Statement of Interest of the Johnny A. Ribeiro Jr. Family Trust (#19) is DENIED.

IT IS FURTHER ORDERED for the reasons set forth above that the First Amended Verified Statement of Interest of Quail Air Center Hangar Owners Association (#25) and the First Amended Verified Statement of Interest of the Johnny A. Ribeiro Jr. Family Trust (#26) will be deemed timely filed.

DATED this 3rd day of November, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**